**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Matthew Travis Houston,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>Joe Lombardo, et al.<br><br>　　　　　　Defendants. | Case No. 2:22-cv-01607-APG-DJA<br><br>**Order** |

　　　Before the Court is Plaintiff's emergency request for production of documents (ECF No. 5), application to proceed *in forma pauperis* (ECF No. 8), and second application to proceed *in forma pauperis* (ECF No. 9).  Having reviewed Plaintiff's emergency request for production of documents (ECF No. 5), the Court finds it to be discovery documents as defined in Local Rule 26-7 which are not to be filed with the Court until they are used in the proceeding, unless the Court orders otherwise.  The Court thus denies Plaintiff's motion (ECF No. 5) and orders it stricken from the docket.

　　　The Court also denies Plaintiff's applications to proceed *in forma pauperis* because they contain delusional answers to certain questions.  Plaintiff's first application (ECF No. 8) asserts that multiple individuals "et al." owe him $36,000,000, each.  (*Id.* at 3).  He asserts that Joe Lombardo—Las Vegas Metropolitan Police Sheriff—Steve Sisolak—Nevada Governor—and Joe Biden—the current President of the United States—rely on him or his spouse for support.  (*Id.* at 3).  When asked for these individuals' relationship to him or his spouse, Plaintiff wrote "enemy." (*Id.*).  The Court cannot determine whether Plaintiff is capable of paying the filing fee with this information.

　　　Plaintiff's second application includes initial answers to the questions that make sense, answering "none" to questions about whether he owns personal property, has monthly expenses,

supports others financially, or has any debts or obligations. (ECF No. 9). However, Plaintiff follows his sensical answers with nonsensical sentences. (*Id.*). These nonsensical responses make it impossible for the Court to determine whether Plaintiff has understood the purpose of the questions he answered or whether he is capable of paying the filing fee.

Additionally, Plaintiff does not attach an inmate account statement, a financial certificate, or a complaint to either of his applications. Under 28 U.S.C. § 1915(a)(2) and Local Rule LSR 1-2, an incarcerated plaintiff seeking to proceed without paying the filing fee must complete an application to proceed *in forma pauperis* and attach: (1) an inmate account statement for the past six months; (2) a financial certificate from the institution where he is incarcerated certifying the amount of funds in the plaintiff's trust account at the institution; and (3) a complaint. If the plaintiff has been incarcerated at the institution for fewer than six months, the certificate must show the account's activity for the shortened period. LSR 1-2. The Court will therefore deny Plaintiff's applications to proceed *in forma paupers* without prejudice. If Plaintiff chooses to file another *in forma pauperis* application, then he must file a complete application on this Court's approved form including all the documents referenced in this order.

**IT IS THEREFORE ORDERED** that Plaintiff's emergency request for production of documents (ECF No. 5) is **denied.** The Clerk of Court is kindly directed to **strike** (ECF No. 5) from the docket.

**IT IS FURTHER ORDERED** that Plaintiff's applications to proceed *in forma pauperis* (ECF Nos. 8 and 9) are **denied without prejudice.**

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send Plaintiff a blank application to proceed *in forma pauperis* by an inmate as well as the accompanying instruction packet, and the Court's form civil rights complaint by an incarcerated individual along with its accompanying instruction packet.[1]

---

[1] These forms can all also be found at https://www.nvd.uscourts.gov/court-information/forms/.

**IT IS FURTHER ORDERED** that by **November 7, 2022**, Plaintiff must either: (1) file a complete application to proceed *in forma pauperis*, on the correct form with complete financial attachments and a complaint on this Court's form; or (2) pay the full $402 filing fee for a civil action, which includes the $350 filing fee and the $52 administrative fee and file a new complaint on this Court's form.  Failure to comply with this order will result in a recommendation to the District Judge that this action be dismissed.

DATED: October 6, 2022

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE