UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MATTHEW TRAVIS HOUSTON,<br><br>　　Plaintiff<br><br>v.<br><br>SHERIFF JOE LOMBARDO, et al.,<br><br>　　Defendants | Case No.: 2:22-cv-01607-APG-CSD<br><br>**Order**<br><br>Re: ECF Nos. 10, 15, 20, 25 |

Plaintiff, who is incarcerated within the Nevada Department of Corrections (NDOC), has filed an application to proceed in forma pauperis (IFP) (ECF No. 10) and pro se complaint (ECF No. 15). Also pending before the court are an emergency motion for the appointment of counsel (ECF NO. 20) and emergency ex parte motion (ECF No. 25).

Plaintiff's IFP application is granted; however, Plaintiff is required to pay an initial partial filing fee, and pay the rest of the filing fee over time. Plaintiff's complaint is dismissed with leave to amend, and his emergency motions are denied.

**I. IFP APPLICATION**

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP].

The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

An inmate submitting an application to proceed IFP must also "submit a certificate from the institution certifying the amount of funds currently held in the applicant's trust account at the institution and the net deposits in the applicant's account for the six months prior to the date of submission of the application." LSR 1-2; *see also* 28 U.S.C. § 1915(a)(2). If the inmate has been at the institution for less than six months, "the certificate must show the account's activity for this shortened period." LSR 1-2.

If a prisoner brings a civil action IFP, the prisoner is still required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). The court will assess and collect (when funds exist) an initial partial filing fee that is calculated as 20 percent of the greater of the average monthly deposits or the average monthly balance for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A)-(B). After the initial partial filing fee is paid, the prisoner is required to make monthly payments equal to 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency that has custody of the prisoner will forward payments from the prisoner's account to the court clerk each time the account exceeds $10 until the filing fees are paid. 28 U.S.C. § 1915(b)(2).

Plaintiff's certified account statement indicates that his average monthly balance for the last six months was $36.64, and his average monthly deposits were $66.67.

Plaintiff's application to proceed IFP is granted. Plaintiff is required to pay an initial partial filing fee in the amount of $13.34 (20 percent of $66.67). Thereafter, whenever his prison account exceeds $10, he must make monthly payments in the amount of 20 percent of the preceding month's income credited to his account until the $350 filing fee is paid.

## II. SCREENING

### A. Standard

Under the statute governing IFP proceedings, "the court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

In addition, under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. As such, when reviewing the adequacy of a complaint under these statutes, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule

3

12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

Plaintiff's complaint lists 209 defendants. The complaint then includes vague and often times nonsensical and disjointed statements. He asserts that judges, including Judges Dorsey, Albregts, and Chief Judge Du have denied his access to the courts as well as judicial bias, referencing civil rights and habeas actions filed within the District of Nevada. He mentions the

destruction of his law office in Iowa City, false arrest and imprisonment, retaliation, and being held in the custody of the Clark County Detention Center, employment injuries, extortion by the Las Vegas Police Department and Clark County District Attorney's Office, and other counsel. These are just a few examples of the variety of topics Plaintiff raises in his complaint.

Fist, a defendant is liable under 42 U.S.C. § 1983 only upon a showing of personal participation. To that end, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Plaintiff's complaint lists 209 defendants, but only discusses a handful of them, and even then, there are no specific factual allegations regarding how each of these defendants violated his rights.

Second, under Federal Rule of Civil Procedure 8, a complaint must contain a "short and plain statement of the claim showing that [the plaintiff] is entitled to relief." Fed. R. Civ. P. 8(d)(1). "Each allegation must be simple, concise, and direct." *Id*. "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "[E]ach claim founded on a separate transaction or occurrence … must be stated in a separate count." *Id*.

The Federal Rules of Civil Procedure do not permit a litigant to raise unrelated claims involving different defendants in a single action. A basic lawsuit is a single claim against a single defendant. Federal Rule of Civil Procedure 18(a) allows a plaintiff to add multiple claims to the lawsuit when those claims are against the same defendant. Federal Rule of Civil Procedure 20(a) allows a plaintiff to add multiple parties to a lawsuit when the right to relief arises out of the "same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A). This means that at least one claim against all defendants must arise out of the same,

1  transaction or occurrence or series of transactions or occurrence and raise a question of law or
2  fact common to all defendants. *See* General Order 2021-05(2)(e); *George v. Smith*, 507 F.3d 605,
3  607 (7th Cir. 2007). "[U]nrelated claims that involve different defendants must be brought in
4  separate lawsuits." *Bryant v. Romero*, No. 1:12-cv-02074-DLB PC, 2013 WL 5923108, at *2
5  (E.D. Cal. Nov. 1, 2013) (citation omitted). "This rule is not only intended to avoid confusion
6  that arises out of bloated lawsuits, but also to ensure that prisoners pay the required filing fees for
7  their lawsuits and prevent prisoners from circumventing the three strikes rule under the Prison
8  Litigation Reform Act." *Id*. (citing 28 U.S.C. § 1915(g)).

9  Plaintiff has not made any effort to show that the 209 defendants named in his lawsuit
10 participated in the same transaction or series of transactions or that a question of fact is common
11 to all defendants.

12 Finally, Plaintiff appears to have named various judges in this action because they either
13 dismissed his civil rights lawsuits or habeas petitions or entered orders striking documents from
14 the record in his cases. Judges are entitled to absolute judicial immunity for acts performed in
15 their official capacity, as Plaintiff alleges here. *See In re Castillo*, 297 F.3d 940, 947 (9th Cir.
16 2002); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc); *Moore v. Brewster*, 96
17 F.3d 1240, 1243 (9th Cir. 1996).

18 The court will dismiss Plaintiff's complaint, but will afford him an opportunity to amend
19 to comply with the rules discussed above.

### III. EMERGENCY MOTIONS

**A. Emergency Motion for Appointment of Counsel**

22 "[A] person [generally] has no right to counsel in civil actions." *Palmer v. Valdez*, 560
23 F.3d 965, 970 (9th Cir. 2009) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)).

28 U.S.C. § 1915(e)(1), however, does allow the court to "request an attorney to represent any person unable to afford counsel." That being said, the appointment of counsel in a civil case is within the court's discretion and is only allowed in "exceptional cases." *See Palmer*, 560 F.3d at 970 (citations omitted); *see also Harrington v. Scribner,* 785 F.3d 1299, 1309 (9th Cir. 2015). In "determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Palmer*, 560 F.3d at 970 (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)); *see also Cano v. Taylor,* 739 F.3d 1213, 1218 (9th Cir. 2015). "Neither of these considerations is dispositive and instead must be viewed together." *Id.* (citing *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.3d 1015, 1017 (9th Cir. 1991) (citation omitted).

Plaintiff has filed an emergency motion for appointment of counsel. He includes a disjointed diatribe of alleged wrongs against him. However, his motion does not specifically address why he should be appointed counsel, let alone demonstrated exceptional circumstances exist to justify the appointment of counsel in his case.

Moreover, an "emergency motion" must include a declaration setting forth the nature of the emergency; the office addresses and telephone numbers of movant and all affected parties; a statement certifying that, after participating in the meet-and-confer process to resolve the dispute, the movant has been unable to do so without court action, or if the nature of the emergency precludes a meet-and-confer, a detailed description of the emergency. Emergency motions should be *rare*, and the court may determine whether any matter submitted as an "emergency" is, in fact, an emergency. Failure to comply with the requirements for submitting an emergency motion may result in denial of the motion. LR 7-4.

Plaintiff did not comply with Local Rule 7-4's requirements pertaining to emergency motions. Plaintiff's motion does not reveal that there is in fact an emergency. This also constitutes grounds for denial of the motion.

For these reasons, Plaintiff's emergency motion for the appointment of counsel is denied.

**B. Emergency Motion**

Plaintiff's motion asks Judge Albregts to not strike another document in this case, and he asks that Judge Dorsey and Judge Albregts recuse themselves from all cases. Neither Judge Dorsey nor Judge Albregts are currently assigned to this case. Moreover, Plaintiff's disagreement with rulings of judges in his cases is not a basis for their recusal.

Plaintiff includes other documents with this motion such that it is impossible for the court to decipher what relief Plaintiff seeks by way of his emergency motion.

Finally, as with his motion for the appointment of counsel, Plaintiff did not comply with the requirements for filing an emergency motion in this court.

For these reasons, his emergency motion is denied.

### IV. CONCLUSION

(1) Plaintiff's IFP application (ECF No. 1) is **GRANTED**; however, within **30 DAYS** Plaintiff must pay, through NDOC, an initial partial filing fee in the amount of $13.34. Thereafter, whenever his prison account exceeds $10, he is required to make monthly payments in the amount of 20 percent of the preceding month's income credited to his account until the full $350 filing fee is paid. This is required even if the action is dismissed, or is otherwise unsuccessful. The Clerk must **SEND** a copy of this Order to the attention of **Chief of Inmate Services for the Nevada Department of Corrections**, P.O. Box 7011, Carson City, Nevada 89702.

8

(2) The Clerk will **FILE** the complaint (ECF No. 1-1).

(3) The Complaint is **DISMISSED WITH LEAVE TO AMEND**.

(4) The Clerk shall **SEND** Plaintiff the instructions for filing a civil rights complaint by an incarcerated individual and form civil rights complaint by an inmate.

(5) Plaintiff has **21 DAYS** from the date of this Order to file an amended complaint correcting the deficiencies noted above. The amended complaint must be complete in and of itself without referring or incorporating by reference any previous complaint. Any allegations, parties, or requests for relief from a prior complaint that are not carried forwarded in the amended complaint will no longer be before the court. The amended complaint shall comply with the rules discussed in this order. Plaintiff shall check the box for the first amended complaint on the court's form civil rights complaint.

(6) If Plaintiff fails to timely file an amended complaint or fails to comply with the rules discussed in this Order, this action will be dismissed.

(7) Plaintiff's emergency motion for the appointment of counsel (ECF No. 20) is **DENIED**.

(8) Plaintiff's emergency motion (ECF No. 25) is **DENIED**.

**IT IS SO ORDERED**.

Dated: February 15, 2023

_____
Craig S. Denney
United States Magistrate Judge