UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MATTHEW TRAVIS HOUSTON,<br><br>　　Plaintiff<br><br>v.<br><br>JOE LOMBARDO, et al.,<br><br>　　Defendants | Case No.: 2:22-cv-01607-DWM-CSD<br><br>**Report & Recommendation of<br>United States Magistrate Judge** |

　　This Report and Recommendation is made to the Honorable Donald W. Molloy, United States District Judge for the District of Montana.[1] The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

　　It is recommended that this action be dismissed as a result of Plaintiff's failure to timely file an amended complaint and comply with the Local Rules.

**I. BACKGROUND**

　　Plaintiff, who is incarcerated within the Nevada Department of Corrections (NDOC), filed an application to proceed *in forma pauperis* (IFP) and pro se complaint. (ECF Nos. 10, 15.) On February 15, 2023, the undersigned granted Plaintiff's IFP application, which requires him to pay the $350 filing fee over time, even if this action is dismissed, and dismissed his complaint with leave to amend. Plaintiff was given until March 8, 2023, to file his amended complaint. (ECF No. 26.)

---

[1] Judge Molloy was designated for service in another district within the Ninth Circuit by Chief Circuit Judge Murguia on May 30, 2023. (ECF No. 41.)

Plaintiff's complaint listed 209 defendants, and included vague and often times nonsensical and disjointed statements on a variety of topics. The court noted that Plaintiff must "plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution;" must set forth "a short and plain statement of the claim" showing he is entitled to relief by using numbered paragraphs, with each being limited to a single set of circumstances; at least one claim against all defendants must arise out of the same transaction or occurrence or series of transactions or occurrences and raise a question of law or fact common to all defendants; unrelated claims involving different defendants must be brought in separate lawsuits; and judges are entitled to absolute immunity for acts performed in their official capacity (as Plaintiff alleged).

Plaintiff requested and was granted an extension of time, until April 14, 2023, to file his amended complaint. (ECF Nos. 29, 32.) On April 24, 2023, Plaintiff sought and was granted another extension of time, giving Plaintiff until June 29, 2023, to file his amended complaint. (ECF Nos. 34, 42.) Plaintiff was cautioned that a failure to timely file an amended complaint may result in dismissal of this action. (ECF No. 42.)

Plaintiff has since filed three motions to extend the time to file his amended complaint, two of which are titled emergency motions. (ECF Nos. 44, 45, and 46.) He has also filed several other motions: emergency motion for the court to take notice (ECF No. 43), an emergency motion for injunctive relief and addendum (ECF No. 47, 50), and an emergency motion for accountability of the HDSP mailroom and chapel (ECF No. 49).

## II. DISCUSSION

"District courts have inherent power to control their dockets" and "[i]n the exercise of that power they may impose sanctions including, where appropriate, default or dismissal."

2

*Thompson v. Housing Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) (citation omitted).

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for failure to comply with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with court order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring party to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

Local Rule IA 6-1 provides that a motion to extend time must state the reasons for the extension requested and must inform the court of all previous extensions of the subject deadline the court granted.

None of Plaintiff's motions for an extension of time to file his amended complaint assert a specific reason for a requested extension. Instead, in each motion Plaintiff states he seeks an extension "due in part to mitigating circumstances including but <u>not</u> limited to the attached 'STATEMENT OF FACTS' and 'RENEWED LIST OF PARTIES.'" (ECF No. 44 at 1.) Plaintiff then attaches copies of documents including proposed summonses, pleadings and documents filed in state court, as well as documents that appear to be related to an underlying criminal case, or perhaps his appellate work or habeas work related to a conviction. He provides no explanation of how these documents have impacted his ability to file an amended complaint in *this* case.

Plaintiff provides no specific basis for granting a further continuance of the deadline to file his amended complaint in this matter, and he has failed to timely file his amended pleading.

Moreover, emergency motions should be rare and must be accompanied by a declaration setting forth the nature of the emergency, among other things. LR 7-4. Plaintiff also failed to comply with the Local Rule governing emergency motions.

In determining whether to dismiss an action for failure to comply with the court's orders or the Local Rules, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on the merits; and (5) the availability of less drastic sanctions. *Thompson*, 782 F.2d at 831.

The first two factors—the public's interest in expeditious resolution of litigation and the court's need to manage its docket—weigh in favor of dismissal. Plaintiff initiated this action in September 2022, nearly one year ago. He has been given multiple opportunities and guidance regarding filing an amended complaint and has failed to do so. Instead, he has a multitude of emergency motions for an extension of time to amend his complaint, none of which comply with the Local Rules and set forth a specific reason for the requested continuance or the nature of the emergency. *See Ferdik*, 963 F.2d at 1261 ("It is incumbent upon us to preserve the district court's power to manage their dockets without being subject to the endless vexatious noncompliance of litigants like [the plaintiff].").

The third factor—risk of prejudice to defendants—also weighs in favor of dismissal because a presumption of injury arises from the occurrence of an unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). In addition, "[u]nnecessary delay inherently increases the risk that witness'

memories will fade and evidence will become stale." *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) (citation omitted).

As to the availability of less drastic alternatives, the court cautioned Plaintiff that a failure to timely file his amended complaint may result in dismissal of this action. The court gave Plaintiff several opportunities to comply, to no avail. The court is not aware of another alternative when Plaintiff is proceeding IFP and monetary sanctions are not an option. Courts have held that warning a party that a failure to comply will result in dismissal satisfies the consideration of alternatives factor. *See Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.

Finally, while there is a public policy favoring disposition of cases on their merits, that factor is greatly outweighed by the other factors favoring dismissal.

As a result of Plaintiff's failure to comply with the court's orders and the Local Rules, it is recommended that this action be dismissed, that the Clerk be directed to enter judgment and close this case.

## IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DISMISSING** this action, **DENYING** Plaintiff's pending motions (ECF Nos. 43, 44, 45, 46, 47, and 49) as **MOOT**, entering judgment and closing this case.

The Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's

Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: August 16, 2023

_____
Craig S. Denney
United States Magistrate Judge