IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| MATTHEW TRAVIS HOUSTON,<br><br>Plaintiff,<br><br>vs.<br><br>JOE LOMBARDO, et al.,<br><br>Defendants. | No. 2:22-cv-01607-DWM-CSD<br><br><br>ORDER<br>ADOPTING<br>REPORT &<br>RECOMMENDATION |

On August 16, 2023, Magistrate Judge Craig S. Denney entered a report and recommendation ("R&R"), recommending that this action be dismissed as a result of Plaintiff's failure to timely file an amended complaint and comply with the Local Rules. (ECF No. 51.) He further recommends that all pending motions be denied as moot. (*Id.*) Since then, Plaintiff has filed a "Declaration of Default," (ECF No. 52); an "Emergency Order of Injunction," (ECF No. 53); a "First Amended Complaint," (ECF No. 55); and three "Objections" to the R&R (ECF Nos. 54, 56, 57). Having considered these filings, the Court finds that the matter

1

can be resolved without a hearing, overrules Plaintiff's objections, and adopts the R&R in its entirety.

In light of Plaintiff's objections, the R&R has been reviewed *de novo* pursuant to 28 U.S.C. § 636(b)(1)(C). *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). The R&R finds that Plaintiff, who is currently serving time in the Nevada Department of Corrections, has filed a complaint that lists over 200 defendants but "include[s] vague and often times nonsensical and disjointed statements on a variety of topics." (ECF No. 51 at 2.) Prior to the R&R, Plaintiff was informed of the deficiencies in his pleading and given extensions of time to file an amended complaint. (*See* ECF Nos. 29, 32, 34, 42.) Plaintiff was also cautioned that the failure to timely file an amended complaint may result in dismissal of this action. (*See* ECF No. 42.) He failed to do so, instead filing numerous "emergency motions" that either contained no pleading language or merely sought to "amend" the extensive list of defendants in the case. (*See* ECF Nos. 43, 44, 45, 46, 47, 49, 50.) Accordingly, the R&R recommends that the matter be dismissed for Plaintiff's failure to prosecute the action, failure to obey court orders, and failure to comply with the Local Rules of this Court. (*See* ECF No. 51 at 3.)

As mentioned above, Plaintiff has filed three documents titled "Objections." (*See* ECF Nos. 54, 56, 57.) Although they exceed 300 pages in combined length, the nature of those objections can be summarized as follows:

- The cause of action is "an ongoing investigation" that requires additional defendants to be continually added;

- Judge Denney—and the District of Nevada more generally—should be recused from the action due to his "magitorial bias"; and

- Plaintiff's 2016 workplace injury, resulting disabilities, "kidnapp[ing] from his law offices," malicious prosecution, and prison lockdown prevented him from following the Court's orders, specifically its deadlines.

(*See id.*) Plaintiff further states that he "can most surely plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution," (*see* ECF No. 57 at 2), and that his attachments are "self-explan[a]tory," (*id.* at 4). These objections lack merit.

While the Federal Rules of Civil Procedure permit amendment in certain circumstances if new parties are discovered, *see* Fed. R. Civ. P. 15, 16, as explained in this Court's previous order, "a plaintiff must plead that each Government-official defendants, through the official's own individual actions, has violated the Constitution," *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); (*see* ECF

3

No. 26 at 5). Plaintiff cannot simply list over 200 defendant without specific allegations because the case is "ongoing." Nor can Plaintiff demonstrate judicial bias. The mere fact that Judge Denney recommends dismissal of this action for the reasons provided in the R&R does not show bias on any level. *See In re Complaint of Jud. Misconduct*, 584 F.3d 1230, 1231 (9th Cir. 2009) ("[V]ague accusations and convoluted demands don't satisfy complainant's obligation to provide objective evidence of misconduct."). Finally, Plaintiff was given multiple opportunities to amend his complaint to comply with this Court's Orders, the Federal Rules, and the Local Rules. He failed to timely do so. The case cannot proceed to the merits based on the pleadings that he has proffered. And, contrary to Plaintiff's allegation that he is capable of adequately pleading his case, his most recent (and untimely) "First Amended Complaint" continues to simply add defendants without tying them to specific causes of action. (*See* ECF No. 55.) This indicates that even if given additional time, Plaintiff fails to state a claim upon which relief may be granted as required to pursue this action *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(2)(B)(ii).

Ultimately, as found in the R&R, Plaintiff has failed to prosecute this action consistent with this Court's orders, the Federal Rules of Civil Procedure, and the Local Rules of this Court. Moreover, his since-filed First Amended Complaint

4

fails to state a claim as required by statute. Dismissal without further opportunity to amend is therefore appropriate.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that the August 16, 2023 R&R (ECF No. 51) is AFFIRMED and ADOPTED in its entirety.

IT IS FURTHER ORDERED that this action is DISMISSED and all pending motions are DENIED as MOOT. The Clerk is directed to enter judgment and close the case. Except a Notice of Appeal, no further filings will be accepted in this case.

IT IS FURTHER ORDERED that the Clerk shall have the docket reflect that the Court certifies pursuant to Fed. R. App. P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith.

DATED this 14th day of September, 2023.

14:17 P.M.

Donald W. Molloy, District Judge
United States District Court